REQUESTED BY: Senator Glenn A. Goodrich Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Goodrich:
You have requested our opinion concerning the provisions and interpretation of LB 202 presently pending before the Legislature. We address each inquiry separately below.
1. Your first question is whether the death penalty could properly be reserved by statute solely for those persons convicted of first degree murder while imprisoned. The Legislature may not make the death penalty mandatory for the Commission of any criminal offense. Woodson v. NorthCarolina, 428 U.S. 280 (1976). If the Legislature perceived a rational basis for the possible imposition of the death penalty upon those imprisoned and not upon any other class of persons committing a similar homicide we are aware of no other restrictions under either our state or federal constitutions which would prohibit such legislation. However, in order for the death penalty to be properly imposed all procedures presently relating to the imposition of this penalty in our statutes would need to be retained. Neb.Rev.Stat. §§ 29-2519 et seq., (Reissue 1979). These sections would be repealed by the present language of LB 202.
2. You next inquire what affect the passage of § 4 of LB 202 would have upon those prisoners presently under sentence of death. Section 4 provides: `This act shall apply to all cases in which judgment has not become final as of the effective date of this act.'
In our opinion, passage of § 4 would affect only the death sentences of those prisoners whose convictions have not completed the direct appeal process. The direct appeal process would include the original trial from which the sentence arose and the direct appeal of that conviction pursuant to Neb.Rev.Stat. § 29-2528 (Reissue 1979). Section 4 would not affect the cases of those prisoners under sentence of death who are presently involved in state post conviction proceedings pursuant to Neb.Rev.Stat. § 29-3001 et seq., (Reissue 1979) or attempts to acquire habeas corpus relief from the federal courts pursuant to 28 U.S.C. § 2254.
3. Your third inquiry concerns whether any constitutional or statutory problems would be created for the Board of Pardons by the passage of LB 202 due to requests to commute the sentences of those prisoners under sentence of death not affected by § 4. See, 2 above. We are aware of none.
Very truly yours,
PAUL L. DOUGLAS Attorney General
J. Kirk Brown Assistant Attorney General